Nash, J.
We differ with his Honor. Although two questions were decided in this case, there is in truth but one, and that is the estoppel. In his directions upon that point, we think there is error, in not drawing the proper distinctions between the contract for rent, and the legal principle growing out of the fact that the defendant was in possession of the land under the title of Benjamin King. By accepting the lease and holding possession, in an action to recover it, he was estopped to deny his *64 title, and it was not necessary for the plaintiff to show any other. But it is said the lease is usurious. We cannot see wherefore. According to the defendant’s own showing, Benjamin King had purchased the land in good faith ; it was his, and he leased it to the defendant. Tf the lease was usurious, it did not affect the principle upon which the estoppel is .founded, which is, that the defendant is in possession under it; and while it continues, he is not at liberty to deny his landlord's title. This doctrine is. too familiar to need support upon authority. Even where an individual takes a lease of his own land, and, under it, gets into possession, he is estopped. Dunwoodie’s Ex. v. Carrington, 2 Car. L. Rep. 353. If, then, the lease were usurious,- the only effect the usury would have, would be to make void the contract for rent, and, if this were an action for the rent, the plaintiff could not recover, because, in that case, the contract would be in violation of the act. The defendant attempts to avoid the natural effect of taking- a lease from the lessor of the plaintiff, by alleging that it was usurious. Now, that can only be shown by going back to the conveyance from Smith to the lessor of the plaintiff and claiming an interest in that conveyance for the defendant. But when %ve thus go back, it results, from the defendant’s own shewing, that Smith had the legal title, and that title he conveyed to the lessor of the plaintiff How is that title to be divested out of him ? A person cannot gain any new rights by an usurious contract; but he does not thereby lose those previously vested in him. So far from shewing that the lessor of the plaintiff had not the- title, which he claimed by estoppel against the defendant, the defence shews that he actually had it by conveyance from Smith.
Per Curiam. Judgment reversed, and a venire de novo ordered.